IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DAVID GOOGE,

Plaintiff

VS.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

Defendant

NO. 5:08-CV-306 (CWH)

**SOCIAL SECURITY APPEAL**

# O R D E R

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff David Googe's claim for benefits under the Social Security Act, 42 U.S.C. § 423. Both parties have heretofore consented for the United States Magistrate Judge to conduct any and all proceedings herein including the ordering of the entry of judgment. Any appeal from this judgment may, by law, be taken directly to the Court of Appeals of the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 636(c)(3).

## PROCEDURAL HISTORY

Plaintiff Googe filed his application for a period of disability and disability insurance benefits on February 3, 2003. Thereafter, on June 27, 2003, he filed an application for supplemental security income. In his applications, the plaintiff claimed disability arising from neck and back pain, soft tissue injuries, concentration problems, auditory and visual hallucinations, and schizophrenia. The alleged onset date of the plaintiff's claimed disability is January 7, 2002.

Plaintiff's claims were denied initially and upon reconsideration. Thereafter, on March 4, 2004, he filed a Request for Hearing by Administrative Law Judge. The matter came on for a hearing on November 9, 2004 and again on February 17, 2005. On February 25, 2005, the Administrative Law Judge (ALJ) denied his claim. Plaintiff next filed a Request for Review of Hearing Decision on March 18, 2005. The Appeals Council reversed and remanded the ALJ's decision in an order dated July 18, 2005.

The matter came on for another hearing before a different ALJ on June 23, 2006. On July 3, 2006, this ALJ also denied the plaintiff's claim. Plaintiff then filed a second Request for Review of Hearing Decision on August 31, 2006. The Appeals Council declined this request in an order dated August 12, 2008.

On September 16, 2008, plaintiff Googe filed the instant action. Tab #1. In response, the Commissioner filed an Answer (Tab #9), the administrative record (Tab #11), and a memorandum in support of his Answer (Tab #13). In addition to his Complaint, plaintiff also filed a supporting brief. Tab #12. In view of the above, the final decision of the Commissioner on appeal is that of the ALJ issued on July 23, 2007. This matter is now ripe for review.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social Security Act is, therefore, a narrow one.

The court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). In so doing, the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

[1]Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

A claimant asserting entitlement to benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition, and with regard to claims for a period of disability and disability insurance benefits, the plaintiff must meet the insured status requirements set forth in sections 216(i) and 223 of the Social Security Act.

With respect to analyzing the issue of disability, the Commissioner utilizes a five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, and only if necessary, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

**ADMINISTRATIVE PROCEEDINGS**

At the time of the June 23, 2006 hearing, plaintiff Googe was forty-two (42) years old. He had a high school education and prior work experience as a dump truck driver, a stock clerk, and a construction worker. As was previously noted, he alleges disability arising from neck and back pain, soft tissue injuries, concentration problems, auditory and visual hallucinations, and schizophrenia. In his written decision, the ALJ began by noting that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2006. The ALJ then proceeded to employ the five step evaluation process identified above.

At step one, the ALJ observed that the plaintiff had not been engaged in substantial gainful activity at any time relevant to the decision. At step two, the ALJ decided that plaintiff Googe suffers from the severe impairments of chronic cervical and lumbar strain, tobacco abuse disorder, drug and alcohol dependence, depression, and obesity. At step three, the ALJ determined that the plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 of Part 404 of the regulations.

Accordingly, and before moving on to step four, the ALJ evaluated the plaintiff Googe's residual functional capacity (RFC). In so doing, the ALJ specifically noted that the plaintiff

> *has the residual functional capacity to perform work at the light exertional level which allows him to rotate positions frequently. In addition, the claimant is limited to performing simple tasks only, which must be done in a structure environment where there will be help setting and reaching goals, and which require no more than limited public contact. I also note that in formulating the claimant's residual functional capacity, I have specifically considered the effects of the claimant's obesity under Social Security Ruling 02-1P.*

In view of these limitations, the ALJ resolved that the plaintiff would be unable to perform any of his past relevant work. As such, and at step five, the ALJ then considered whether other suitable work was available to the plaintiff. Given the plaintiff's RFC, age, education, and past work experience, and in reliance upon the testimony of a vocational expert, the ALJ found that jobs exist in the national economy that the plaintiff could perform. Accordingly, the ALJ concluded that the plaintiff was not disabled.

**PLAINTIFF'S CLAIMS**

In this action, and in support of his request for remand and/or reversal, plaintiff Googe enumerates the following issues for the court's review:

1. *Whether the Commissioner improperly rejected the opinions of treating and examining physicians, failed to apply the correct standards concerning diagnosis and statements of treating physicians, and failed to properly evaluate and explain the weight given to the medical evidence.*
2. *Whether the Commissioner failed to evaluate plaintiff's subjective complaints under the proper legal standard and failed to properly evaluate plaintiff's credibility relative to his mental and physical impairments.*

3. *Whether the ALJ's RFC assessment is simply conclusory and does not contain any rationale or reference to supporting evidence as required by SSR 96-8p.*

4. *Whether the ALJ failed to comply with SSR 02-01P in not considering the impact of plaintiff's disability [obesity] on his ability to work.*

**DISCUSSION**

Because the first issue on appeal concerns a question of legal sufficiency, a review of the relevant legal standards is in order. Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1). Moreover, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." *Id.*

In support of this argument, the plaintiff contends that the ALJ improperly disregarded the opinions of three of his medical providers as to his disability. These medical providers include psychiatrist Dr. Sujatha Reddy M.D., psychologist Jerry Dalton, Ed.D, and psychologist Dr. Hernando Moreno M.D.. In response to this assertion, the Commissioner avers that the ALJ's consideration of these opinions and the related documentary and/or objective medical evidence was both legally proper and supported by substantial evidence. The Commissioner is correct.

Following an exhaustive review of the relevant law and the entire record in this case which included, but was not limited to, the briefs and arguments of the parties and the ALJ's written decision, the undersigned noted and confirmed numerous instances wherein the medical/treating source opinions and evidence relied upon by the plaintiff in support of this issue are contradicted and/or unsupported by objective medical evidence and other medical source observations. Moreover, and in view of the fact that the vast majority of these inconsistences and observations were both identified and sufficiently addressed by the ALJ in his written decision, the undersigned must conclude that the plaintiff's arguments on this point are without merit.

The next issue involves the nature and propriety of the ALJ's evaluation of the plaintiff's credibility with respect to his subjective complaints about his mental and physical impairments. As this claim also involves legal sufficiency, it is once again necessary to identify the relevant legal requirements. According to plaintiff Googe, the applicable requirements are addressed in Social Security Ruling 96-7p. The undersigned agrees. A review of this ruling reveals an outline describing how an ALJ is to evaluate the credibility of an claimant's allegations of symptoms and their functional effects. The ruling further emphasizes the importance of including an explanation of this analysis in the disability determination or decision.

In support of his assertions on this issue, the plaintiff began by describing the ALJ's credibility analysis as an "uncritical examination of [his] limitations." Next, he alleged that the ALJ's analysis was replete with findings either contrary to or unsupported by the record. Thereafter, the plaintiff enumerated some examples which he has quite subjectively determined to be illustrative of his contention.[2] Upon this basis, the plaintiff declared that remand is mandated.

[2]A review of the examples enumerated by the plaintiff reveals nothing more than a list of conclusory or subjective interpretations.

Contrary to plaintiff's contention, the undersigned's review of the written decision reveals that the ALJ accurately considered the evidence of record relating to the plaintiff's allegations about his mental and physical impairments. Indeed, the ALJ's decision even cites the relevant legal standards and then makes *specific* findings in accordance therewith. Moreover, and with respect to the plaintiff's contention that a more detailed discussion of the evidence relied upon by the ALJ is required, the undersigned simply cannot agree. That is, in light of the already lengthy explanation set forth in the ALJ's written decision, no further analysis was necessary or legally mandated, however helpful or instructive it may have been to the plaintiff. *See Dyer v. Barnhart*, 395 F.3d at 1211 ("there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision"); see also e.g., *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."); *Garfield v. Schweiker*, 732 F.2d 605, 609 (7th Cir. 1984) ("written evaluation of every piece of testimony and evidence submitted is not required" and "it is often impracticable and fruitless for every document to be discussed separately."). Consequently, the undersigned is convinced that the ALJ's finding that the plaintiff's allegations were not entirely credible was both legally proper and supported by substantial evidence. As such, this argument lacks merit.

Plaintiff Googe next contends that the ALJ did not comply with SSR 96-8p and/or the pertinent regulations for assessing his mental impairments. In support of this argument, he cites a provision contained in SSR 96-8p concerning Residual Functional Capacity assessments. More specifically, he asserts that, contrary to the remand order of the Appeal Council, the provisions of SSR 96-8p, and various other relevant regulations, the ALJ failed to sufficiently address the evidence, failed to properly complete a requisite mental evaluation, and failed to include a sufficient discussion of the reasoning underlying his RFC finding.

With respect to this issue, the undersigned notes that SSR 96-8p contains an outline of when and how an individual's RFC is to be assessed. In addition, the regulation's provisions describe specific issues that are to be addressed in the assessment leading up to as well as the necessary components of a completed RFC. Furthermore, the regulation references 20 CFR 404.1520a and 416.920a — regulations that describe a psychiatric review technique to be employed when mental impairments are at issue.

In spite of plaintiff's assertions to the contrary, a review of the ALJ's decision indicates compliance with SSR 96-8p as well as the aforementioned regulations. Indeed, the decision contains a thorough discussion of the evidence relating to the plaintiff's mental condition as well as specific ratings in each of the four broad functional areas in accordance with 20 C.F.R. §§ 404.1520a and 416.920a. Consequently, and upon this analysis, the ALJ explicitly found that the plaintiff's impairments limited him to performing simple tasks in a structured environment where there would be help setting and reaching goals and which required no more than limited public contact. In view of the above, the undersigned finds plaintiff's third issue to be without merit.

In his fourth and final argument, plaintiff asserts that the ALJ erroneously failed to consider the impact of his obesity on his ability to work as is required by SSR 02-1P. In support, and after conceding that the ALJ explicitly cited and affirmatively declared that provisions of SSR 02-1P were considered, plaintiff contends that the ALJ's failure to provide any further explanation was reversible error. The plaintiff is mistaken.

A review of the record reveals that the ALJ properly considered the plaintiff's obesity together with his other impairments in assessing his claim. Notwithstanding the plaintiff's arguments, this conclusion is evinced by the ALJ's statement that he *specifically considered the effects of the claimant's obesity under Social Security Ruling 02-1p* as well as his decision, based in part upon the plaintiff's obesity, to discount the reports of the state agency medical consultants who opined that the plaintiff was capable of performing medium work. In view of these observations, coupled with the plaintiff's failure to even allege or cite any evidence to show that his obesity caused any specific limitations renders the plaintiff's argument on this issue to be without merit.

**CONCLUSION**

For the reasons stated above, the undersigned concludes that the Commissioner's final decision is supported by substantial evidence and was reached through a proper application of the pertinent legal standards. Accordingly, **IT IS ORDERED** that the Commissioner's decision be **AFFIRMED**.

**SO ORDERED** this 31st day of March, 2010.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE